[Civ. No. 5138.   Third Appellate District.—October 24, 1934.]

EARL STETSON, a Minor, etc., Respondent, v. HENRY BLUM, Appellant.

594

J. Hampton Hoge and A. Dal Thomson for Appellant.

Thomas C. Anglim for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment of $1200 which was rendered against him for damages for personal injuries received by the ward of plaintiff, in an automobile collision which occurred on a mountain grade.

The appellant contends the evidence fails to show that the defendant was guilty of negligence which proximately caused the accident, that the amount of the judgment is excessive, and that it is based partly on the theory that the minor re-

ceived permanent injuries, which permanency is in conflict
with the evidence.

There is a conflict of evidence on many essential features
of the accident which are involved in this case, but the fol-
lowing statement of facts is supported by substantial evi-
dence which renders them controlling on appeal. At 9
o'clock on the morning of June 30, 1933, Earl Stetson, a
minor, was riding in a Ford automobile as a passenger, with
his companion, Melvin Marshall. The boys were about four-
teen years of age. The machine belonged to Melvin's father.
Melvin was driving without a license. They were taking
four cans of cream from Marshall's home to market. Both
boys lived with their parents in Sage Canyon adjacent to
the Napa Valley. They were traveling downgrade along a
crooked mountain highway which varied from 16 to 20
feet in width. They were traveling at the rate of from
12 to 15 miles an hour. When they reached a sharp turn
in the road called Horseshoe Bend, where the highway was
bordered on their right-hand side by a steep bank and on
their left side by a precipitous gulch, the speed of the Ford
car was retarded and they made the turn in the road close
to the inside bank on the proper side of the highway. Just
beyond this turn they suddenly, without previous warning,
observed the defendant's Essex sedan about 30 to 40 feet
away, coming up the grade. Although the highway was at
least 16 feet in width at that point, the Essex car, accord-
ing to the statement of both boys, occupied a position on
the wrong side of the roadway within two feet of the inside
bank. The defendant had given no warning of his presence.
He started to pull his machine toward the outside of the
grade, but proceeded only about the distance of one car
length, when he stopped his car. The defendant's machine
was then too close to the inside bank to enable the Ford
car to pass. Marshall immediately applied his brakes, which
were in good mechanical condition, but was unable to avoid
a collision, in spite of the fact that the right mud-guard
was actually scraping the bank.

Both machines were seriously damaged. The windshield
of the Ford car was shattered. The left fender was
crumpled. Both headlights were broken, and the car was
otherwise damaged. Stetson was thrown forward upon the
windshield. He received a laceration of the left forearm

three inches in length, and lacerations of the fingers of the left hand which nearly severed the tendons thereof. There was a painful bruise on his forehead and on the bridge of his nose and an abrasion of the left knee. The injury to his arm consisted of a deep incision which severed the blood vessels and a tendon. This wound bled profusely. The boy was confined in the St. Helena Sanitarium for some time for surgical and medical treatment. .

The cause was tried by the court without a jury. Findings were adopted favorable to the plaintiff and judgment for damages in the sum of $1200 was accordingly rendered.

The record contains sufficient evidence to support the findings of the court to the effect that the accident was proximately caused by the negligence of the defendant. There is evidence to support the conclusion that the defendant was driving his machine on the wrong side of a 16-foot highway as he approached a blind curve where his view was obstructed beyond a distance of 40 feet ahead of his machine. This conduct was in violation of sections 122 and 126 of the California Vehicle Act. The defendant admitted that he had seen a "cloud of dust" on the winding highway about 200 feet ahead of him, which should have warned him of the approach of the Ford machine. He said that he did not see the approaching car until it arrived within 15 feet of his machine, although he testified that "if you watched the road, I presume you can see fifty or sixty feet" ahead at that point. He claimed to have been watching the outer edge of the highway. Assuming that the foregoing version of the evidence is true, it amply supports the court's conclusion that the defendant was guilty of negligence in the operation of his automobile which proximately caused the accident.

The damages which were awarded to the plaintiff in this case do not appear to be excessive in view of the nature of the injuries which were received by Earl Stetson as hereinbefore related. The serious laceration of his arm and the injury to his nose must have been accompanied by severe pain. The determination of a sum of money which will be deemed to adequately compensate one for damages suffered on account of personal injuries sustained as the result of negligence, together with the pain and suffering incident thereto, necessarily rests largely in the

sound discretion of the trial judge or jury. This discretion may not be interfered with on appeal unless it clearly appears that the amount which is awarded is so grossly excessive as to shock the conscience or enforce the inference that it is the result of an abuse of discretion or that it is the result of passion and prejudice on the part of a jury. (*Rannard* v. *Harris*, 121 Cal. App. 281 [8 Pac. (2d) 864]; *Even* v. *Pickwick Stages System*, 109 Cal. App. 636 [293 Pac. 700]; 20 Cal. Jur. 101, sec. 65.) No such inference may be drawn from the record in the present case.

Nor may we hold that the judgment is excessive for the reason that the court found that the injuries were permanent in their nature, and that it is impossible to determine what proportion of the judgment is founded on the asserted erroneous assumption that the injuries are permanent.

It is true that the court specifically found that Earl Stetson sustained "a deep cut extending across the three fingers of plaintiff's left hand, partially severing the tendons and cords; a deep cut in the lower forearm . . . partially severing the tendons of said arm; a severe blow on plaintiff's nose, and a contusion of plaintiff's right knee; and as a result thereof plaintiff suffered great loss of blood and suffered great pain, and as a result thereof it was necessary for plaintiff to procure hospital service and services of physicians". The court also found that paragraph IV of the complaint is true, which paragraph did allege on information and belief that the injuries were permanent.

The damages which were awarded in this case do not appear to be excessive as compensation for the actual injuries received, together with the pain and suffering incident thereto, independently of any damages which may have been included on the theory that some of the injuries may be permanent in their nature. For that reason the judgment would not be reversed on the ground of excessive damages.

Respecting the question of permanency of the injuries, Dr. Talmage testified that there is an ugly scar on the arm where it was cut, that the fingers and hand which were injured lacked strength and that there was a numbness of the flesh in the vicinity of the wound on the arm. The doctor testified in that regard: "His left hand is not as

strong as normal. . . . I believe that it will become approximately normal in time. . . . There is a numbness of the skin just below the laceration of the arm. . . . After a year or so it may partially disappear, but it will probably remain to some extent. . . . The nerves were severed at the time the tissues were cut and the question is whether the nerves will again grow into that area so that he will be able to fill his ordinary duties. . . . Q. Now, will the scars that appear upon his arm and fingers be permanent? A. Yes.''

This evidence is adequate under the circumstances of this case to support the finding respecting the permanency of the injuries.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.